Morgan, J.
The indictment charges that Jake Morris, late of the parish of East Baton Rouge, on the tenth day of October, 1874, did, with intent to kill, in the night time, break and enter the dwelling house of Charles Coleman, he, the said Morris, being at the time of such breaking and entering armed with a dangerous weapon, and the said Charles Coleman and Mrs. Hubbert being lawfully in said house, contrary to the forms of the statutes of the State of Louisiana, etc.
The verdict was : “ Guilty of entering the dwelling of Charles Coleman as charged, but without dangerous weapons.”
The defendant moved an arrest of judgment, for the reason that the *481 verdict of the jury is not responsive to the allegations of the indictment, and no valid sentence could be rendered thereon.
Section 850 of the Revised Statutes provides that “Whoever, with intent to kill, rob, steal, commit rape, or any other crime, shall, in the night time, break a dwelling house, and any person being lawfully therein, and such offender being at the time of such breaking or entering armed with a dangerous weapon, or arming himself in such house with a dangerous weapon, or committing an actual assault upon any person lawfully being in such house * * * * * on conviction shall suffer death.”
Section 851 is, in terms, the same as section 850, except that it provides that, if the person breaking into the house is not armed with a dangerous weapon, or without committing an assault upon any person lawfully being in such house, he shall, on conviction, be imprisoned at hard labor not exceeding fourteen years.
The prisoner was charged with having forcibly entered the house in question, in the night time, armed with a dangerous weapon, with the intent to kill. He was found guilty of everything he was charged with except that he was not armed with a dangerous weapon. The verdict is, therefore, responsive to the indictment. The two sections of the statute form but one law. Under a charge of forcibly breaking into a dwelling, armed with a dangerous weapon, with the.intent to kill, he has been found guilty of having forcibly entered the house in question without being armed with a dangerous weapon. Instead of suffering death, he will be sentenced to imprisonment.
He moved for a new trial on the ground of newly discovered evidence. His allegations are that he will prove that the door of the dwelling was not fastened, and that certain witnesses who testified against him had perjured themselves. On this ground the motion was properly denied. If such a state of facts existed he must have known them before, and during the progress of the trial.
He claims a new trial because the judge, he says, charged the jury upon the facts, which he is prohibited from doing. The charge complained of is as follows:
“The prisoner and the citizen whose premises are charged to have been entered in the night time in question are colored men. You are called upon to say, by your verdict, whether the cabin is as much a castle as the dwelling of the most imposing pretensions. If you find persons in the house of Coleman on the night in question, with the assent of the owner, Coleman, they were lawfully there within the meaning of the act. If you find Sylvia and William Hubbert there in bed or out of bed on the night in question, with the consent, expressed or implied, of Coleman, they, too, are lawfully there within the mean-31 *482 ing of the act. If the accused broke into the house, as alleged, for the purpose of assaulting William Hubbert with a dangerous weapon, even though you should be satisfied the accused and Sylvia had lived together under the bond of matrimony or not, even though he saw Sylvia in the embrace of the amorous Hubbert, then the accused is guilty as charged.” See B. pp. 10 and 11.
We do not see in this any charge as to what the facts were. The law is correctly stated by the judge.
Judgment affirmed.